J-M06002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TORY JAVON BRYANT | : | |
| | : | |
| Petitioner | : | No. 63 WDM 2025 |

Appeal from the Order Entered September 4, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000017-2025

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TORY JAVON BRYANT | : | |
| | : | |
| Appellant | : | No. 64 WDM 2025 |

Appeal from the Order Entered September 4, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000026-2025

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TORY JAVON BRYANT | : | |
| | : | |
| Appellant | : | No. 65 WDM 2025 |

Appeal from the Order Entered September 4, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000584-2025


BEFORE:  LAZARUS, P.J., KING, J., and BENDER, P.J.E.

J-M06002-25

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: December 2, 2025**

Petitioner, Tory Javon Bryant, filed a "Petition for Specialized Review Pursuant to Pa.R.A.P. 1610 and 1762(b)" ("Petition"), seeking review of the September 4, 2025 order of the Court of Common Pleas of Allegheny County, which denied his request for nominal bail pursuant to Pa.R.Crim.P. 600[1] at three trial court docket numbers.[2]  ***See*** Pa.R.A.P. 1610 (providing for review of order granting or denying release or modifying conditions of release before sentence through petition for specialized review); Pa.R.A.P. 1762(b) (providing order relating to bail when no appeal pending shall be subject to review pursuant to Chapter 16 of Rules of Appellate Procedure); ***Commonwealth v. Miller***, 319 A.3d 575 (Pa. Super. 2024) (applying the rationale in ***Interest of N.E.M.***, 311 A.3d 1088 (Pa. 2024) (holding merits

---

[1] Counsel for Petitioner refers to "Rule 600(A)(2) and (3) of the Rules of Criminal Procedure" in his Petition and appears to cite to a prior version of Rule 600 as it existed before its recission and re-adoption on October 1, 2012. Petition, 10/6/25, at 6.  The substance of the rule is the equivalent of current Pa.R.Crim.P. 600(B)(1), ***infra*** at 4-5.

[2] ***See*** CP-02-CR-0000017-2025 (63 WDM 2025), CP-02-CR-0000026-2025 (64 WDM 2025), CP-02-CR-0000584-2025 (65 WDM 2025).  The petitions for specialized review were filed in compliance with ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (requiring appellants file separate notices of appeal when single order resolves issues arising on more than one lower court docket), and ***Commonwealth v. Casey,*** 218 A.3d 429, 431 (Pa. Super. 2019) (applying ***Walker*** to petitions for permission to appeal filed pursuant to Pa.R.A.P. 1311).  On October 7, 2025, this Court sua sponte consolidated the Petitions.  The transcripts from the September 4, 2025 hearing on the motion for nominal bail indicate, however, that the motion primarily focuses on the charges filed at CP-02-CR-0000017-25 (63 WDM 2025), and CP-02-CR-0000026-25 (64 WDM 2025).  ***See*** N.T. Hearing, 9/4/25, at 3.

review of petition for specialized review involving juvenile out-of-home placement order mandatory) to petitions for specialized review of bail filed under Pa.R.A.P. 1610). In compliance with this Court's October 7, 2025 Order, on October 22, 2025, the trial court filed a Statement of Reasons in support of the bail order,[3] and the September 4, 2025 bail hearing transcripts were received by this Court on October 29, 2025. The Commonwealth filed a Response to the Petition for Specialized Review on November 4, 2025.

On December 14, 2024, Petitioner was charged with criminal mischief-tampering with property at CP-02-CR-0000584-2025. On December 16, 2024, Petitioner was charged with, inter alia, aggravated assault – attempts to cause injury with extreme indifference; firearms not to be carried without a license; manufacture, delivery, or possession with intent to manufacture or deliver; flight to avoid apprehension; possession of a firearm prohibited; eight counts of recklessly endangering another person; evading arrest or detention on foot; fleeing or attempting to elude officer; driving license suspension; and criminal mischief/damaging property at CP-02-CR-0000026-2025. On December 16, 2024, Petitioner was charged with aggravated assault – attempt to cause serious bodily injury; firearms not to be carried without license; possession of a firearm prohibited; driving license suspension; criminal mischief; and

_____

[3] Pa.R.A.P. 1762(e) (providing the judge who made the bail determination shall forthwith file of record a brief statement of the reason for the determination or where in the record such reasons may be found).

criminal attempt - criminal homicide at CP-02-CR-0000017-2025. Petitioner has been incarcerated since these dates.

Trial was scheduled for May 1, 2025. On May 1, 2025, the Commonwealth filed a motion for continuance, which was granted, and trial was rescheduled for June 16, 2025, 182 days from the date of the December 16, 2024 filing of the complaints in the two cases discussed at the Rule 600(B) hearing and 184 days from the December 14, 2024 complaint filed at CP-02-CR-0000584-2025. On June 9, 2025, 175 days from the December 16, 2024 complaints, counsel for Petitioner filed a motion for continuance, claiming counsel needed more time to review discovery that had recently been turned over by the Commonwealth on May 1, 2025. While a trial court docket entry indicates the trial court granted Petitioner's continuance request on the date of its filing, June 9, 2025 (177/175 days from the filing of the respective complaints), the trial court Calendar Events and the trial court at the hearing on the bail motion indicate that the motion for continuance was granted on June 16, 2025 (184/182 days from the initial complaints). Trial was then rescheduled for September 4, 2025. On July 7, 2025 (205/203 days from the filing of complaints), counsel for Petitioner filed a motion to set nominal bail pursuant to Pa.R.Crim.P. 600, and a hearing was held on September 4, 2025. That same day, the trial court denied the motion for bail.

Petitioner seeks release on nominal bail pursuant to Rule 600(B)(1), which provides that a defendant shall not be held in pretrial incarceration in

- 4 -

excess of 180 days from the date on which the complaint is filed. Subsection (D)(2) of the rule states in pertinent part:

> Except in cases in which the defendant is not entitled to release on bail as provided by law, when a defendant is held in pretrial incarceration beyond the time set forth in paragraph B), at any time before trial, the defendant's attorney . . . may file a written motion requesting that the defendant be released immediately on nominal bail subject to any nonmonetary conditions of bail imposed by the court as permitted by law.

Pa.R.Crim.P. 600(D)(2). For purposes of computing time under subsection (B), "only periods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration. Any other periods of delay shall be included in the computation." Pa.R.Crim.P. 600(C)(2).

The standard of review in evaluating Rule 600 issues is whether the trial court abused its discretion. *Commonwealth v. Carl*, 276 A.3d 743, 748 (Pa. Super. 2022) (citation omitted). The scope of review is limited to the evidence on the record at the Rule 600 hearing and the findings of the trial court. *Id.* The facts must be viewed in the light most favorable to the prevailing party. *Id.* Although most of the decisions involving the application of Rule 600 pertain to the speedy trial provision in subchapter (A), not the pretrial incarceration provision in subchapter (B), the same principles would seem to apply when analyzing the cause of delay in question. However, while the cases involving the application of subchapter (A) may be instructive, unlike Rule 600(A), Rule 600(B) does not on its face require a Commonwealth due diligence analysis as to periods of delay. *See Commonwealth v.*

***Richardson***, 270 A.3d 1161, *11 (Pa. Super. 2021) (unpublished memorandum decision)[4] (comparing Rule 600(C)(1) and (2) and stating trial court's considerations of violations of Rule 600(A) and (B) are "distinct"); ***Commonwealth v. Yancey***, 34 MDM 2024 (Pa. Super. filed Jan. 13, 2025) (unpublished memorandum decision) (noting trial court aptly observed lack of significant guidance provided by Rule 600, its comments, and case law as to which party delays are properly attributable to under Rule 600(B)); ***see also Commonwealth v. Jackson***, 9 MDM 2025 (Pa. Super. filed Apr. 17, 2025) (unpublished memorandum decision) (addressing excludable periods of delay under Rule 600(B)).

In the instant Petition, Petitioner asserts that

> [f]rom the dates the criminal complaints were filed on December 14, 2024 and December 16, 2024 until July 7, 2025 – the date the Motion for Nominal Bond was filed – there was a tolling of . . . 203 days. Instant counsel was appointed to [Petitioner's] case on December 20, 2024. The Commonwealth did not provide instant counsel with [Petitioner's] full discovery until May 1, 2025. Because of this, instant counsel requested a postponement in order to review [Petitioner's] discovery.

Petition, 10/6/2, at 8. Petitioner argues that the delays in the case stem from discovery issues with the Commonwealth and the defense continuance request should not toll the time pursuant to Rule 600. ***Id.***

---

[4] ***See*** Pa.R.A.P. 126(b) (non-precedential memorandum decisions filed after May 1, 2019 may be cited for persuasive value).

At the September 4, 2025 hearing on Petitioner's motion, the trial court found that the period of the Commonwealth's continuance request – from May 1, 2025 to June 16, 2025 – was attributable to the Commonwealth, and that the period from June 16, 2025 to September 4, 2025, was due to a defense continuance request.  **See** N.T. Bail Hearing, 9/4/25, at 10.  The defense argued at the hearing, and again in the instant petition, that the defense continuance request should be attributable to the Commonwealth for Rule 600 purposes because Petitioner needed time to review discovery that had recently been turned over by the Commonwealth.  **Id.** at 11.

In its statement of reasons for denying bail, the trial court observed, inter alia, that while defense counsel claimed that he had not received all discovery in the case at the September 4, 2025 hearing, counsel for Petitioner never filed a motion to compel discovery, and the prosecutor had only recently become aware of the additional discovery needed.  **See** Trial Court Statement, 10/22/25, at 2.  The trial court acknowledged that the parties agreed no order was necessary regarding providing discovery within a month and that the prosecutor acted in good faith.  **Id.**; N.T. Bail Hearing, 9/4/25, at 9-10.  The trial court stated that its reasons for denying bail included:  Petitioner had prior gun charges on his record and was currently on a federal detainer; Petitioner is presently charged with a shooting and aggravated assault on a police officer, and the charged offenses are violent in nature; and Petitioner would pose a danger to the community if released from custody on nominal bond.  **See** Trial Court Statement, 10/22/25, at 2-3.

In its November 4, 2025 response to the petition, the Commonwealth notes that it is responsible for more than 180 days as of June 16, 2025—by its calculations, the time between December 16, 2024, and June 16, 2025, totaling 183 days. *See* Response, 11/4/25, at 3. The Commonwealth asserts, however, that Petitioner is not entitled to nominal bail for two reasons. First, the Commonwealth reasons that this Court should affirm the order because the issue is moot and appellate courts will not decide moot questions. Petitioner has a federal detainer that would prevent his release even if the requested relief of nominal bail were granted. *Id.* Second, the Commonwealth contends that Petitioner is a danger to the community, and under the express terms of Rule 600(B)(1), defendants are entitled to release on bail "[e]xcept in cases in which the defendant is not entitled to release on bail as provided by law." *Id.* at 4.

The Commonwealth cites Article 1, Section 14 of the Pennsylvania Constitution (providing prisoners shall be bailable unless no condition or conditions other than imprisonment will reasonably assure safety of community when proof is evident and presumption great), Pa.R.Crim.P. 523 (outlining criteria for determining whether defendant should be released on bail), and *Commonwealth v. Talley*, 265 A.3d 485 (Pa. 2021) (addressing Commonwealth's burden of proof at bail hearings),[5] as law supporting its

_____

[5] In *Talley*, this Court provided a non-exhaustive list of factors to be considered by a trial court in deciding whether to grant or deny bail, which
*(Footnote Continued Next Page)*

position that Petitioner is not entitled to release on bail. The Commonwealth argues that if no condition or combination of conditions other than imprisonment can reasonably ensure the safety of the community, Petitioner is not entitled to relief no matter how much time has elapsed. *Id.* at 2, 4. Further, the Commonwealth posits that Petitioner, by failing to address the issue of his dangerousness and choosing to rest on the bare fact that 180 days have passed, has waived any arguments regarding same. *Id.* at 4-5.

Upon review, we conclude that the trial court considered multiple factors consistent with *Talley*, including the gravity of the charged offenses, Petitioner's past conduct, the bail conditions reasonably available to the court, and the threat posed by Petitioner to the community. *See* Trial Court Statement, 10/22/25, at 2; N.T. Bail Hearing, 9/4/25, at 6 (Commonwealth setting forth Petitioner's prior record score, prior charges, current federal detainer status, and violent nature of current allegations); *id.* at 7 (Commonwealth arguing Petitioner danger to community if released and ankle monitor insufficient guarantee of community safety). The court's findings are supported by the record and we can discern no abuse of discretion in the trial

---

includes the following: (1) the defendant's character; (2) relevant behavioral history or past patterns of conduct; (3) the gravity of the charged offense; (4) the conditions of bail reasonably available to the court; and (5) any evidence that tends to show that those conditions would be inadequate to ensure the protection of any person or the community. *Id.* at 525.

court's denial of bail on the basis that Petitioner presents a danger to the community.[6] ***Carl***, ***supra***.

Accordingly, in light of the foregoing, and pursuant to ***N.E.M.***'s mandate to consider petitions for specialized review on their merits, we affirm the trial court's September 4, 2025 order.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

12/2/2025

---

[6] Moreover, as noted by the Commonwealth, Petitioner failed to address the very basis for the trial court's decision, i.e., the court's conclusion that Petitioner would present a danger to the community were he to be released on nominal bond. Accordingly, he has waived any argument on this issue.